LAW OFFICES
# Mark S. DeMarco
2027 WILLIAMSBRIDGE ROAD
SECOND FLOOR
BRONX, NEW YORK 10461
MSDLAW@AOL.COM

TELEPHONE
(718) 239-7070

FACSIMILE
(718) 239-2141

July 20, 2011

The Honorable Thomas P. Griesa
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**VIA ECF & U.S. MAIL**

Re: *United States v. Daniel Deno-Ramos*
10 Cr. 214 (TPG)

Your Honor:

**Preliminary Statement**

On April 20, 2011, Mr. Ramos pleaded guilty to the lesser included offense of Count One of the indictment which charged him with the crime of conspiracy to distribute and possess with intent to distribute heroin. Mr. Ramos, who admitted that he conspired to distribute heroin, is scheduled to be sentenced by Your Honor on August 17, 2011.

According to the Presentence Investigation Report ("PSR") prepared by the United States Probation Office, Mr. Ramos adjusted offense level was calculated to be guideline offense level 25, which, when combined with his criminal history category of I, gives him an applicable sentencing range of 57 to 71 months' imprisonment.

Mr. Ramos respectfully requests that the Court consider several important circumstances of this case and, pursuant to *18 U.S.C. § 3553(a)* and in light of *United States v. Booker*, 543 U.S. 220 (2005), and its progeny, to impose a sentence below the applicable sentencing guideline range sentence and this letter is submitted to provide information to assist the Court in fashioning such a sentence.

Here, Mr. Ramos respectfully requests that the Court consider several important circumstances of this case in fashioning a sentence. Initially, we ask this Court to take into consideration Mr. Ramos's background and numerous good character traits, as detailed in the Presentence Investigation Report ("PSR"). Further, we ask that your Honor take into account Mr. Ramos's family life and his acceptance of responsibility in this case when considering the appropriate sentence to impose.

Hon. Thomas P. Griesa
July 20, 2011

### Post-*Booker* Sentencing Considerations

In the wake of *United States v. Booker, 543 U.S. 220 (2005)*, which ruled that the Guidelines are advisory, a sentencing judge may impose either a Guidelines sentence or a non-Guidelines sentence. *See, e.g., id.* at 245-46; *United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005)* ("*Crosby*"). In arriving at either type of sentence, the sentencing judge must consider the factors set forth in *18 U.S.C. § 3553(a)*. That section provides in pertinent part as follows:

> The court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for - -
> > (A) the applicable category of offense committed by the applicable category of the defendant as set forth in the guidelines . . .;
> (5) any pertinent policy statement - -
> > (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statements by act of Congress . . .
> (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

*18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(4)(A)(i), (a)(5)(A), (a)(6)*, and *(a)(7)*.

Recent decisions by the Supreme Court have clarified both the procedures to be followed by the district court in arriving at either type of sentence and the standard of review to be applied by the

2

Hon. Thomas P. Griesa
July 20, 2011

courts of appeals. *See, e.g., Gall v. United States*, 128 S. Ct. 586, 594 (2007); *Kimbrough v. United States*, 128 S. Ct. 558, 570, 574-75 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2467-68 (2007). Because "*§ 3553(a)* explicitly directs sentencing courts to consider the Guidelines," district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process. *Gall*, 128 S. Ct. at 597 n.6.

In *Kimbrough*, which dealt with the disparities between sentences prescribed for powder cocaine and crack cocaine, the Court stated that as a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines. . . . [C]f. *Rita v. United States, [127 S.Ct. at 2465] (2007)* (a district court may consider arguments that "the Guidelines sentence itself fails properly to reflect *§ 3553(a)* considerations"). *Kimbrough*, 128 S. Ct. at 570 *(bracketed phrase in original) (other* internal quotation marks omitted).

In *Gall*, the Court noted that it is clear that a district judge must give serious consideration to the *extent* of any departure from the Guidelines and must explain his conclusion that *an unusually lenient or an unusually harsh* sentence is appropriate in a particular case with *sufficient justifications*. For even though the Guidelines are advisory rather than mandatory, they are, as we pointed out in *Rita*, the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. *Gall*, 128 S. Ct. at 594 (emphases added); *see Rita*, 127 S. Ct. at 2464.

### Mr. Ramos's Background/Characteristics

Adopted when he was nine months old, Mr. Ramos, who never knew his biological parents, was raised under poor conditions in the Dominican Republic. His parents, who ran a small restaurant in Santo Domingo, struggled financially to raise Daniel and his ten siblings. Nevertheless, despite working to help his family, Daniel attended school and graduated from high school in 2001. That same year his father died and Daniel was forced to abandon his education and to work to financially assist his mother. He worked long hours despite suffering from a heart murmur and from hypertension. His alcohol consumption also increased after his father's death. He began drinking every day until he was twenty-one years old.

Since his father's death, he has worked as a mechanic, in the construction industry and in pool halls and night clubs. He has also sold cars and has worked in the Dominican government. His conviction here represents an uncharacteristic or aberrant act by a man who was financially desperate and who was anxious to send money back to the Dominican Republic to help support his six-year-old daughter.

Indeed, his conviction here, the first for this twenty-nine-year-old father, has not only resulted

3

Hon. Thomas P. Griesa
July 20, 2011

in his incarceration and future deportation from this country, but has also heaped a great deal of embarrassment and humiliation upon Daniel and his family. Nevertheless, his family remains supportive and is anxiously awaiting his release from prison.

It is important to note that since his arrest, Daniel has been a model prisoner. In fact, on August 8, 2010, Mr. Ramos reported to prison officials that marihuana had been smuggled into the Metropolitan Correctional Center (MCC). The officers at the MCC seized this contraband from the prisoner. Mr. Ramos's guilty plea and the information that he provided to the correctional officers are significant events since they demonstrate Daniel's resolve to make amends for his criminal behavior and to salvage and continue his life. They provide significant insight into his character and resolve to make amends for his criminal behavior and to salvage and continue his life.

In admitting his guilt to the government and this Court, and in helping prison officials seizing the aforementioned marihuana, Mr. Ramos knew he had to right his wrongs and begin the process of salvaging his life.

Finally, Mr. Daniel's incarceration has been particularly difficult. He has not received a single social visit since his family does not have the financial means to travel to New York. In addition, very little money has been deposited in his commissary account and the rates for telephone calls to his family in the Dominican Republic have been extraordinarily high.

Given the above, a sentence below the applicable guideline range is certainly sufficient to serve this Court's goals of deterrence and retribution. Moreover, it is highly unlikely that Mr. Ramos, an intelligent young man who is extremely remorseful for the crimes that he has committed, will repeat this criminal conduct.

## Conclusion

Here, it is respectfully requested that Mr. Ramos, who has been in prison for more than seventeen months, be given a sentence below the applicable guideline range. This sentence is sufficient to meet the goals of punishment. Justice has been and certainly is served by this proposed sentence. Mr. Ramos is forthright in acknowledging his wrongdoing; his acceptance of responsibility and contrition are unequivocal. He also recognizes the seriousness of his offense.

His current imprisonment, the first of his life, has taught him a hard lesson and Mr. Ramos is determined to live a law-abiding life and to become an honest, hardworking member of society.

Finally, Mr. Ramos, who will be deported, requests that this Court recommend, pursuant to *18 U.S.C. § 3582(a)*, that the United States Bureau of Prisons designate him to be housed in a facility in the Northeast Region of the United States, that he receive vocational training and that he participate in a substance abuse program.

Hon. Thomas P. Griesa
July 20, 2011

                                              Respectfully Submitted,

                                              Mark S. DeMarco
                                              Attorney for Daniel Deno-Ramos

MSD:mb

cc:    Aimee Hector, Esq.
        Office of the United States Attorney
        Southern District of New York
        One Saint Andrew's Plaza
        New York, NY 10007
        By ECF & U.S. Mail